United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI,<br><br>            Petitioner,<br><br>    v.<br><br>MARY LATTIMORE,<br><br>            Respondent.<br>_____/ | No. C 10-0893 WHA (PR)<br><br>**ORDER OF DISMISSAL; DENYING APPOINTMENT OF COUNSEL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket Nos. 2 & 3) |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the Central California Women's Facility in Chowchilla, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has applied for leave to proceed in forma pauperis and requested appointment of counsel.

## STATEMENT

In 1991, a jury in Alameda County Superior Court convicted petitioner of murder. The trial court sentenced her to a term of nineteen years to life in state prison. Her appeals to the California Court of Appeal and the California Supreme Court were denied.

## ANALYSIS

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that the failure to transfer state court proceedings from Alameda County to Napa County violated her rights to due process and equal protection. A criminal defendant has a constitutional right to be tried in the state and district where the crime is alleged to have been committed. *United States v. Evans*, 62 F.3d 1233, 1236 (9th Cir. 1995). According to the petition, the crime occurred in Alameda County, where the case was tried. Petitioner indicates that she was housed at some unidentified time at Napa State Hospital, which may be the reason she wanted the case transferred to Napa County. Petitioner cites no authority, however, and this court is aware of none, providing that a state court's failure to transfer criminal proceedings away from the county in which the crime was alleged to have been committed to another county implicates the defendant's rights to due process or equal protection. Petitioner's citations to state law regarding the transfer of state court proceedings does not provide an avenue for federal habeas relief, which is only available based on a violation of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)

As the allegations in the petition are somewhat unclear, it is possible that petitioner may be referring to the transfer of state court proceedings other than the criminal proceedings that led to her 1991 conviction. For example, petitioner makes a number of allegations regarding the placement of her son into foster care. Federal habeas relief is not available in any event

2

because a challenge to non-criminal state court proceedings does not implicate the fact or duration of her custody. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000). Similarly, petitioner's allegations in the petition regarding the conditions of her confinement are not the proper subject of a federal habeas petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, the petition will be dismissed for failure to state a cognizable basis for federal habeas relief.

## CONCLUSION

For the foregoing reasons, the case is **DISMISSED**. Petitioner's request for appointment of counsel (docket number 3) is **DENIED**. Petitioner's application to proceed in forma pauperis (docket number 2) is **GRANTED** due to petitioner's lack of funds.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March ___31___, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\ARI0893.DSM.wpd